**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

GEORGE CUSTINS               :
                                  :       C.A. No.
                                    :
                v.                    :
SHERWIN DREW DUCKETT and    :
DUCKETT'S TRANSPORT, INC.     :

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

Defendant, Duckett's Transport, Inc., by and through its attorneys, Rawle and Henderson, LLP, respectfully aver as follows:

1.     Plaintiff has commenced a civil action against defendants in the Superior Court of Delaware in and for New Castle County. *(See Complaint attached as Exhibit "A.")* The Complaint, being the original process in this case, was deemed served on defendant Duckett's Transport, Inc., no earlier than August 1, 2008. *(See attached affidavit as Exhibit "B")*

2.     Accordingly, this Notice of Removal was timely filed within thirty (30) days of receipt of the information indicating that the jurisdictional amount may be satisfied pursuant to 28 U.S.C. §1446 (b).

3.     In the Complaint, Plaintiff alleged that as a result of the accident at issue in this lawsuit, he:

> " sustained bodily injuries and had pain, suffering and disability and loss of earnings and earning capacity. In addition, Plaintiff's medical expenses, loss of earnings and earning capacity will probably exceed the amount Plaintiff is entitled to receive under Personal Injury Protection provisions of the motor vehicle insurance policy which was in effect at the time of the accident.." *See Exhibit A ¶10.*

4.     Based upon a fair reading of the Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

5.    In addition, plaintiff's counsel has certified that the value of the lawsuit is in excess of $100,000. ( A copy of the Certificate of Value is attached hereto as Exhibit C.)

6.    Defendant, Sherwin Drew Duckett at all material times, is and was a resident of the State of Maryland. *See Exhibit A.*

7.    Defendant, Duckett Transport, Inc. is a foreign corporation duly organized and existing with a principal place of business in Maryland. *See Exhibit A.*

8.    At all material times hereto, based upon information and belief, plaintiff is and was a citizen of Delaware. *See Exhibit A.*

9.    Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

    (a)    plaintiff is a citizen and resident of the State of Delaware; and

    (b)    defendants are not a citizens or residents of the State of Delaware.

10.    Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

11.    Defendant, Sherwin Drew Duckett is represented by the firm of Rawle & Henderson, LLP and consents to the Removal of the litigation to United States District Court.

2542606-1

WHEREFORE, defendants, Sherwin Drew Duckett and Duckett Transport, Inc. pray that the above-captioned action now pending in the Superior Court of Delaware in and for Sussex County, be removed there from to this Honorable Court.

RAWLE & HENDERSON LLP

By: _____
      Delia A. Clark (DAC #3337)
      Attorneys for Defendants, Sherwin Drew Duckett
      and Duckett Transport, Inc.
      300 Delaware Avenue, Ste. 1015
      Wilmington, DE 19801
      (302) 778-1200

2542606-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid, on counsel for plaintiff listed below:

Michael J. Malkiewicz
Barros, McNamara, Malkiewicz & Taylor
2 West Lockerman Street
Dover, DE 19903

RAWLE & HENDERSON LLP

Delia A. Clark

Dated: August 26, 2008

2542606-1

# EXHIBIT "A"

EFiled: Feb 6 2008 3:55P
Transaction ID 18470015
Case No. 08C-02-006 THG

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| GEORGE CUSTINS, | : | C. A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERWIN DREW DUCKETT | : | NON-ARBITRATION CASE |
| and DUCKETT'S TRANSPORT, INC. | : | |
| Defendants. | : | JURY OF SIX DEMANDED |

## COMPLAINT

Plaintiff, by and through Plaintiff's attorneys, Barros, McNamara, Malkiewicz & Taylor, P.A., hereby allege as follows:

1.    That Plaintiff is a resident of the State of Delaware residing at 11 High Street, Harrington, DE 19952.

2.    That Defendant, Sherwin Drew Duckett (hereinafter Defendant Sherwin Duckett), is a resident of the State of Maryland, residing at 904 Palmer Road, Apt. 1, Fort Washington, Maryland 20744.

3.    That Defendant, Duckett's Transport, Inc. (hereinafter Defendant Duckett's Transport), is a corporation whose principal place of business is in the State of Maryland, residing at 904 Palmer Road, Apt. 1, Fort Washington, Maryland 20744. If the Defendant Duckett's Transport denies the allegation of the incorporation and existence of the corporation, Plaintiff requires that such denial be made by affidavit pursuant to 10 Del. C. § 3915.

4.    That at all times pertinent hereto Defendant Sherwin Duckett was employed by and was an agent of Defendant Duckett's Transport, and was acting within the scope of employment for said



employer. If agency is denied, Plaintiff requires that such denial be made by affidavit pursuant to 10 Del. C. § 3916.

    5.    That on June 1, 2006, Plaintiff was operating a motor vehicle in Seaford, Delaware, in Sussex county, and Plaintiff stopped near or next to Cannon Road in Seaford, Delaware while Plaintiff was waiting for traffic to clear on US Route 13. While Plaintiff's motor vehicle was stopped, the motor vehicle Plaintiff was operating was struck by a truck car carrier that was being operated by Defendant Sherwin Duckett, and said truck was owned by Defendant Duckett's Transport.

    6.    At the time of the accident described in paragraph 5 hereinabove, Defendant Sherwin Duckett was operating Defendant Duckett's Transport truck in the ordinary course and scope of his employment with Defendant Duckett's Transport.

    7.    That at the time of the accident set forth in Paragraph 5 hereinabove, Defendant Sherwin Duckett was negligent and violated Delaware statutes by doing the following:

    (a)    Defendant operated a motor vehicle on a public highway in a careless and imprudent manner, in violation of 21 Del. C. § 4176(a);

    (b)    Defendant operated a motor vehicle on a public highway while failing to give full time and attention to the operation of the motor vehicle and also failed to maintain a proper lookout while operating the motor vehicle, in violation of 21 Del. C. § 4176(b);

    (c)    Defendant failed to drive his vehicle at a speed that was reasonable and prudent under the conditions and drove his vehicle without having regard to the actual and potential hazards then existing and failed to use due care to control the speed of his vehicle to avoid colliding with other vehicles on the highway, in violation of his common law duty of care;

    (d)    Defendant failed to drive his vehicle at an appropriate speed when a special hazard

existed with respect to other traffic, in violation of his common law duty of care;

       (e)    Defendant failed to maintain a safe and reasonable distance behind another motor vehicle and failed to have due regard for the speed of such vehicle, the traffic and the road conditions, in violation of 21 Del. C. § 4123(a).

    8.    Defendant Duckett's Transport is liable for Defendant Sherwin Duckett's aforesaid negligence and violations of Delaware statutes because these acts occurred in Defendant Sherwin Duckett's ordinary course of employment with Defendant Duckett's Transport, and Defendant Sherwin Duckett was acting at the time as an agent of Defendant Duckett's Transport.

    9.    Defendant Duckett's Transport is liable for Defendant, Sherwin Duckett's aforesaid negligence and violations of Delaware statutes pursuant to the doctrine of respondeat superior and/or the fact that Defendant Duckett's Transport is merely a trade name for the individual Defendant, Sherwin Duckett.

    10.    As a direct and proximate result of the aforesaid negligence and violations of Delaware statutes by Defendants, Sherwin Duckett and Duckett's Transport, Plaintiff George Custins sustained bodily injuries and had pain, suffering and disability and loss of earnings and earning capacity. In addition, Plaintiff's medical expenses, loss of earnings and earning capacity will probably exceed the amount Plaintiff is entitled to receive under the Personal Injury Protection provisions of the motor vehicle insurance policy which was in effect at the time of the accident.

    WHEREFORE, the Plaintiff George Custins demands judgment against the Defendants, jointly and severally, for an amount which will compensate Plaintiff George Custins for Plaintiff's past, present and future pain, suffering, disability, and lost earnings, and earning capacity, and for those medical expenses, loss of earnings and earning capacity which will probably exceed the amount provided for under the

Personal Injury Protection provisions of the motor vehicle insurance policy which was in effect at the time

of the accident, plus costs of this action, and with lawful interest.

BARROS, MCNAMARA, MALKIEWICZ & TAYLOR, P.A.

BY: _Michael J. Malkiewicz_

MICHAEL J. MALKIEWICZ, ESQUIRE
BAR ID # 2093
2 W. Loockerman Street
P. O. Box 1298
Dover, DE 19903
(302) 734-8400
**Attorneys for Plaintiff**

Dated: 2/4/08

# EXHIBIT "B"

EFiled: Aug 11 2008 1:48 EDT
Transaction ID 21014587
Case No. 08C-02-006 THG

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| GEORGE CUSTINS, | : | C. A. No. 08C-02-006 THG |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERWIN DREW DUCKETT | : | NON-ARBITRATION CASE |
| and DUCKETT'S TRANSPORT, INC. | : | |
| | : | |
| Defendants. | : | JURY OF SIX DEMANDED |

**PROOF OF NON RECEIPT OF NOTICE BY DEFENDANT**

STATE OF DELAWARE  )
                   )  SS.
COUNTY OF KENT     )

BE IT REMEMBERED, that on this ___11th___ day of August, A.D. 2008, personally

appeared before me, the Subscriber, a Notary Public, for the State and County aforesaid, Michael J.

Malkiewicz, Esquire, personally known to me to be such, who after having been duly sworn according

to law, did depose and say:

1.      That the Defendant, Duckett's Transport, Inc., is a corporation whose principle place

of business was believed to be 904 Palmer Road, Apt. 1, Fort Washington, MD 20744.

2.      That the first mailing to 904 Palmer Road, Apt. 1, Fort Washington, MD 20744 was

returned not deliverable as addressed due to the forwarding order being expired.

3.      That investigation methods revealed the address of 45483 Heather Street, Great Mill,

MD 20634.

4.    That on April 3, 2008 Michael J. Malkiewicz, Esquire, mailed to said Defendant by registered mail return receipt requested, a copy of the Complaint and the notice required by 10 Del C. Section 3112(b), consisting of the Process and Complaint served upon the Secretary of State of the State of Delaware.

5.    That the first mailing to 45483 Heather Street, Great Mill, MD 20634 was returned "Unclaimed" on May 13, 2008 and Proof of Non Receipt of Notice by Defendant was filed on May 15, 2008.

6.    That information from the Maryland State Motor Vehicle Division indicated the address for said Defendant is 47012 Dixon Court , Lexington Park, Maryland 20653.

7.    That the Defendant, Duckett's Transport, Inc., is a corporation whose principle place of business was believed to be located at 47012 Dixon Court, Lexington Park, Maryland 20653.

8.    That on May 14, 2008 Michael J. Malkiewicz, Esquire an attorney in the law firm of Barros, McNamara, Malkiewicz & Taylor, P.A., mailed to said Defendant by registered mail return receipt requested, a copy of the Complaint and the notice required by 10 Del. C., Section 3112(b) and 3104, consisting of a copy of the Process and Complaint served upon the Secretary of State of the State of Delaware.

9.    That the first mailing to 47012 Dixon Court, Lexington Park, Maryland 20653 was returned "Refused" on May 23, 2008 and Proof of Non Receipt of Notice by Defendant was filed on May 23, 2008.

10.    That on May 30, 2008 Michael J. Malkiewicz, Esquire an attorney in the law firm of Barros, McNamara, Malkiewicz & Taylor, P.A., mailed to said Defendant by registered mail return receipt requested, a copy of the Complaint and the notice required by 10 Del. C., Section 3112(b) and 3104, consisting of a copy of the Process and Complaint served upon the Secretary of State of the State of Delaware. This was the second mailing sent to 47012 Dixon Court, Lexington, Park MD 20653.

11.    A second notice was mailed to Defendant, Duckett's Transport, Inc. at 47012 Dixon Court, Lexington Park, Maryland 20653.

12.    That the envelope containing the notice was returned to him on June 23, 2008, noted as "Unclaimed" as indicated by the United States Postal Service website USPS.com.

13.    That on May 16, 2008 Michael J. Malkiewicz, Esquire an attorney in the law firm of Barros, McNamara, Malkiewicz & Taylor, P.A., mailed to said Defendant by registered mail return receipt requested, a copy of the Complaint and the notice required by 10 Del. C., Section 3112(b) and 3104, consisting of a copy of the Process and Complaint served upon the Secretary of State of the State of Delaware.

14.    That the first mailing to P.O. Box 441974, Fort Washington, Maryland 20749 was returned "Unclaimed" on June 19, 2008 and Proof of Non Receipt of Notice by Defendant was filed on July 7, 2008.

15.     That on July 10, 2008, Edward R. McNamara, Esquire an attorney in the law firm of Barros, McNamara, Malkiewicz & Taylor, P.A., mailed to said Defendant by registered mail return receipt requested, a copy of the Complaint and the notice required by 10 Del. C., Section 3112(b) and 3104, consisting of a copy of the Process and Complaint served upon the Secretary of State of the State of Delaware.

16.     A second notice was mailed to Defendant, Duckett's Transport, Inc. at P.O. Box 441974, Fort Washington, Maryland 20749.

17.     Attached hereto as Exhibit "A" is the receipt given by the post office at the time it was mailed to Defendant, Duckett's Transport, Inc. at P.O. Box 441974, Fort Washington, Maryland 20749.

18.     Attached hereto as Exhibit "B" is the envelope in which the notice was mailed.

19.     That the envelope containing the notice to Defendant was mailed by registered mail on July 10, 2008.

20.     That the envelope containing the notice was marked as "Unclaimed" on August 1, 2008.

21.     That the envelope containing the notice was returned to him on August 7, 2008.

22.     That the notice provided for in 10 Del.C., Section 3112(b) and 3104  was contained in the envelope at the time it was mailed.

23.    That the return receipt attached hereto as Exhibit "A" is the same receipt which was

obtained at the time of mailing the envelope containing the notice.

MICHAEL J. MALKIEWICZ, ESQUIRE
BAR ID No.: 2093
Barros, McNamara, Malkiewicz & Taylor, P.A.
2 West Loockerman Street, P.O. Box 1298
Dover, DE 19903
(302) 734-8400


SWORN TO AND SUBSCRIBED before me the day and year aforesaid as witness my Hand
and Seal of Office.

NOTARY PUBLIC

EXHIBIT "C"

EFiled: Feb 6 2008 3:55P
Transaction ID 18470015
Case No. 08C-02-006 THG

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| GEORGE CUSTINS, | : | C. A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERWIN DREW DUCKETT | : | NON-ARBITRATION CASE |
| and  DUCKETT'S TRANSPORT, INC. | : | |
| Defendants. | : | JURY OF SIX DEMANDED |

### CERTIFICATION OF VALUE

I, MICHAEL J. MALKIEWICZ, ESQUIRE, attorney for Plaintiff, hereby certify in good faith at this time in my opinion that the sum of damages for the Plaintiff is in excess of $100,000.00, exclusive of costs and interest.

BARROS, MCNAMARA, MALKIEWICZ & TAYLOR, P.A.

BY: _____
MICHAEL J. MALKIEWICZ, ESQUIRE
BAR ID #  2093
2 W. Loockerman Street
P. O. Box 1298
Dover, DE 19903
(302) 734-8400
**Attorneys for Plaintiff**

DATED: 2 4 08

# JS 44 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| George Custins | Sherwin Drew Duckett, Duckett's Transport, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF <u>Sussex</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Prince George
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Malkiewicz

Barros, MaNamara, Malkiewicz & Taylor

2 W Lockerman Street

Dover, DE 19901

302-734-4349

ATTORNEYS (IF KNOWN) Delia Clark, Esq.
Rawle & Henderson, LLP
300 Delaware Avenue, Ste. 1015, Wilmington, DE 19801
(302) 778-1200

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐ 6 | ☐6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Judge from Magistrate Judgment

*Appeal to District*

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance<br>☐120 Marine<br>☐130 Miller Act<br>☐140 Negotiable Instrument<br>☐150 Recovery of Overpayment & Enforcement of Judgment<br>☐151 Medicare Act<br>☐152 Recovery of Defaulted Student Loans (Exc. Veterans)<br>☐153 Recovery of Overpayment of Veteran's Benefits<br>☐160 Stockholder's Suits<br>☐190 Other Contract<br>☐195 Contract Product Liability | **PERSONAL INJURY**<br>☐310 Airplane<br>☐315 Airplane Product Liability<br>☐320 Assault, Libel & Slander<br>☐330 Federal Employer's Liability<br>☐340 Marine<br>☐345 Marine Product Liability<br>☒350 Motor Vehicle<br>☐355 Motor Vehicle Product Liability<br>☐360 Other Personal Injury | **PERSONAL INJURY**<br>☐362 Personal Injury--Med Malpractice<br>☐365 Personal Injury--Product Liability<br>☐368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | ☐610 Agriculture<br>☐620 Other Food&Drug<br>☐625 Drug Related Seizure of Property 21, USC 881<br>☐630 Liquor Laws<br>☐640 R.R. & Truck<br>☐650 Airline Regs<br>☐Occupational Safety/Health | ☐422 Appeal 28 USC 158<br>☐423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐820 Copyrights<br>☐830 Patent<br>☐840 Trademark | ☐400 State Reapportionment<br>☐410 Antitrust<br>☐430 Banks and Banking<br>☐450 Commerce/ICC Rates/etc.<br>☐460 Deportation<br>☐470 Racketeer Influenced and Corrupt Organizations<br>☐810 Selective Service<br>☐850 Securities/Commodities/Exchange<br>☐875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐891 Agricultural Acts<br>☐892 Economic Stabilization Act<br>☐893 Environmental Matters<br>☐894 Energy Allocation Act<br>☐895 Freedom of Information Act<br>☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property | ☐441 Voting<br>☐442 Employment<br>☐443 Housing/Accommodations<br>☐444 Welfare<br>☐440 Other Civil Rights | ☐510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐530 General<br>☐535 Death Penalty<br>☐540 Mandamus & Other<br>☐550 Civil Rights | ☐710 Fair Labor Standards Act<br>☐720 Labor/Mgmt. Relations<br>☐730 Labor/Mgmt. Reporting & Disclosure Act<br>☐740 Railway Labor Act<br>☐790 Other Labor Litigation<br>☐791 Empl. Ret. Inc. Security Act | ☐861 HIA (1395FF)<br>☐862 Black Lung (923)<br>☐863 DIWC/DIWW (405(g))<br>☐864 SSID Title XVI<br>☐865 RIS (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐870 Taxes (U.S. Plaintiff or Defendant)<br>☐871 IRS – Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes<br>☐890 Other Statutory Actions |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATURE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C. §§ 1332 & 1446 (d).  Motor vehicle accident with personal injuries alleged.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):          JUDGE _____          DOCKET NUMBER _____

DATE: August 26, 2008          SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT $ _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____