IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE CUSTINS : | |
| : | C.A. No. 08-544 |
| v. : | |
| SHERWIN DREW DUCKETT and : | |
| DUCKETT'S TRANSPORT, INC. : | JURY TRIAL DEMANDED |

## ANSWER

Defendants, Sherwin Drew Duckett and Duckett's Transport, Inc., by and through their attorneys Rawle & Henderson answer the complaint and aver as follows:

1.  Denied.  After reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein.

2.  Admitted in part and denied in part.  It is admitted only that at all material times hereto Sherwin Drew Duckett is a resident of the State of Maryland. By way of further answer to the extent that the remaining allegations are conclusions of law no responsive pleading is required under the Rules of Civil Procedure.

3.  Admitted in part and denied in part.  It is admitted only that Duckett's Transport, Inc a corporation whose principal place of business is in Maryland. By way of further answer, to the extent that the remaining allegations are conclusions of law no responsive pleading is required under the Rules of Civil Procedure.

4.  Admitted in part and denied in part.  It is admitted that at all material times hereto  Sherwin Drew Duckett  was acting in the furtherance of the business of Duckett's Transport, Inc.    The balance of the allegations contained in paragraph 4 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

5. Admitted in part and denied in part. It is admitted only that on the aforesaid date and location there was a collision. By way of further answer, after reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein. Additionally, it is admitted that Sherwin Duckett, on the aforesaid date and location, was driving a vehicle owned by Duckett's Transport, Inc.

6. Admitted in part and denied in part. It is admitted that at all material times hereto Sherwin Drew Duckett was acting in the furtherance of the business of Duckett's Transport, Inc. The balance of the allegations contained in paragraph 6 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure.

7. (a-e) Denied. The allegations contained in paragraphs 7 and subparts a through e of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Defendants specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

8. Denied. The allegations contained in paragraph 8 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Defendants specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

9. Denied. The allegations contained in paragraph 9 of the Complaint is denied as conclusions of law to which no responsive pleading is required under the Rules

of Civil Procedure. To the extent that an answer is required, Defendants specifically deny any and all allegations of negligence. Strict proof of same will be required at trial.

  10. Denied. Defendants are without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied. Strict proof will be required at the time of trial. By way of further answer, the allegations contained in paragraph 10 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, Defendants deny any and all negligence or violations of statute.

  WHEREFORE, defendants, Sherwin Drew Duckett and Duckett Transport, Inc., demands that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

This Court lacks subject matter jurisdiction

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any, were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

### FOURTH SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff which is

denied, it was in no way caused by an act or omission on the part of defendants.

FIFTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and/or damages.

SIXTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants had no responsibility, and not by the culpable conduct or negligence of the defendants.

SEVENTH SEPARATE DEFENSE

Defendants claim all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

EIGHTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

NINTH SEPARATE DEFENSE

Service of Process was improper and/or insufficient.

TENTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

ELEVENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

## TWELFTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, defendants, Sherwin Drew Duckett and Duckett's Transport, Inc., demands that the Complaint be dismissed, and that judgment be rendered in its favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

                                RAWLE & HENDERSON LLP

                                BY:_____
                                    Delia A. Clark (3337)
                                    300 Delaware Ave.
                                    Suite 1015
                                    Wilmington, DE 19801
                                    (302)778-1200
                                    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Delia Clark, certify that a true and correct copy of Defendants Answer to Plaintiff's Complaint was served electronically and via first class mail on the persons listed below:

Michael J. Malkiewicz
Barros, McNamara, Malkiewicz & Taylor
2 West Lockerman Street
Dover, DE  19903

RAWLE & HENDERSON LLP

_____
Delia A. Clark

Date August 28, 2008

2547508-1